UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SOUTHERN-OWNERS**
**INSURANCE COMPANY,**

      **Plaintiff,**

v.                                      Case No. 6:22-cv-2177-CEM-RMN

**HIGHWOODS CONTRACTING**
**CORPORATION, D. R. HORTON,**
**INC., and BEACON PARK PHASE**
**I HOMEOWNERS**
**ASSOCIATION, INC.,**

      **Defendants.**

_____/

**ORDER**

THIS CAUSE is before the Court on Defendant Beacon Park Phase I Homeowners Association, Inc.'s ("Beacon Park") Motion to Dismiss (Doc. 21), to which Plaintiff filed a Response in Opposition (Doc. 32); and Defendant Highwoods Contracting Corporation's ("Highwoods") Motion to Dismiss (Doc. 29), to which Plaintiff filed a Response in Opposition (Doc. 35) (collectively, "Motions to Dismiss"). For the reasons stated herein, the Motions to Dismiss will be granted.

                **I.**      **BACKGROUND**

This case arises from a dispute over insurance coverage. (*See generally* Compl., Doc. 1). Plaintiff issued to Highwoods a Commercial General Liability Insurance Policy (Doc. 1-1). (Doc. 1 at 3). Highwoods and others, including

Defendant D.R. Horton, Inc. ("D.R. Horton"), were sued in state court by Beacon Park for alleged "damages arising from the negligent and defective development, design, construction, repair, and sale of the condominiums and common elements at the Beacon Park Phase I community in Orlando, Florida." (State Court Am. Compl., Doc. 1-2, at 1–2; Doc. 1 at 3). D.R. Horton filed a crossclaim against Highwoods and others. (State Court Crosscl., Doc. 1-3, at 1–2; Doc. 1 at 3). Plaintiff then filed this action, requesting declaratory judgment.[1] (Doc. 1 at 1, 9). Beacon Park and Highwoods both move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 21 at 4; Doc. 29 at 3).

## II.   ANALYSIS[2]

Beacon Park and Highwoods argue that the Complaint is an impermissible shotgun pleading. D.R. Horton did not move for dismissal, but the analysis herein applies equally to D.R. Horton, so this Court raises the shotgun pleading issue *sua sponte* as to D.R. Horton. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015))); *Ferrell v. Durbin*, 311 F.

---

[1] For the reasons stated below regarding the shotgun pleading nature of the Complaint, it is unclear exactly what declaratory judgment Plaintiff seeks.

[2] Because of the shotgun pleading nature of the Complaint, the Court is unable to address the remaining issues raised in the Motions to Dismiss, including the issues raised regarding subject matter jurisdiction.

App'x 253, 259 n.8 (11th Cir. 2009); *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 n.94 (11th Cir. 1998).

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." "The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1029–30 (11th Cir. 2001)).

The Eleventh Circuit has defined four types of shotgun pleadings. "The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. The second most common type "is a complaint that . . . is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. "The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.* at 1322–23. "Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are

responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

Beacon Park and Highlands contend that the Complaint falls into both the third and fourth categories of shotgun pleadings. These problems are exemplified by paragraph nineteen of the Complaint, which alleges that Plaintiff "contends that there is no duty to defend and/or indemnify Highwoods and/or [D.R. Horton] in connection with the Underlying Action." (Doc. 1 at 8). This paragraph alone appears to encompass four declaratory judgment claims—duty to defend as to Highlands, duty to defend as to D.R. Horton, duty to indemnify as to Highlands, and duty to indemnify as to D.R. Horton. But the Complaint does not contain any counts whatsoever; it only contains an all-encompassing request for relief "that there is no coverage." (*Id.* at 9).

Plaintiff's Responses do not cure this pleading deficiency. First, to the extent that Plaintiff attempts to clarify its pleading in the Responses, it may not do so. *Burgess v. Religious Tech. Center, Inc.*, 600 F. App.'x 657, 665 (11th Cir. 2015) (citation omitted) (noting that a plaintiff may not amend its complaint by raising new factual allegations in response to a motion to dismiss). Second, even if the Court were to allow Plaintiff to amend its Complaint through the Responses, they do not do enough to cure the shotgun pleading. For example, Plaintiff argues that "[t]o the extent that [Plaintiff] seeks a determination adverse to all defendants, the basis for such determination is the same." (Doc. 32 at 10; Doc. 35 at 9). Based on this

statement, it is unclear to the Court whether Plaintiff seeks judgment against one or more of the Defendants that will impact all Defendants in the underlying action or that Plaintiff seeks judgment against all Defendants in this action.

It is simply unclear as to which Defendant or Defendants Plaintiff seeks a declaratory judgment against and upon which basis or bases, i.e., the duty to indemnify or defend or both.[3] Therefore, the Complaint will be dismissed as a shotgun pleading. Plaintiff seeks leave to amend, (Doc. 32 at 12; Doc. 35 at 11), which the Court will grant.

### III. CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Beacon Park Phase I Homeowners Association, Inc.'s Motion to Dismiss (Doc. 21) is **GRANTED in part** and **DENIED in part**.

   a. Beacon Park's Motion to Dismiss is **GRANTED** to the extent that the Complaint will be dismissed as a shotgun pleading.

---

[3] Prior to filing an Amended Complaint, Plaintiff should consider whether a claim regarding indemnification is ripe. *Allstate Prop. & Cas. Ins. Co. v. Peluchette*, No. 15-cv-80325-KAM, 2015 WL 11438215, at *4 (S.D. Fla. July 30, 2015) ("Case law is legion for the proposition that an insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action."); *Evanston Ins. Co. v. Gaddis Corp.*, 145 F. Supp. 3d 1140, 1153 (S.D. Fla. 2015) ("[A]n insurer[']s duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." (quoting *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) and collecting cases)). If Plaintiff asserts an unripe indemnification claim, the Court must dismiss it for lack of subject matter jurisdiction. *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009).

    b. Beacon Park's Motion to Dismiss is otherwise **DENIED**.

2. Defendant Highwoods Contracting Corporation's Motion to Dismiss (Doc. 29) is **GRANTED in part** and **DENIED in part**.

    a. Highwood's Motion to Dismiss is **GRANTED** to the extent that the Complaint will be dismissed as a shotgun pleading.

    b. Highwood's Motion to Dismiss is otherwise **DENIED**.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED as a shotgun pleading**.

4. **On or before October 2, 2023,** Plaintiff may file an Amended Complaint that addresses the deficiencies identified herein. Failure to do so will result in this case being closed.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2023.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

`

Copies furnished to:

Counsel of Record